IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

TEXAS DALLAS DIVISION

Case No. 3:24-CV-2804-L (3:19-CR-37-L-1)

PAULINO GOMEZ BETANCOURT,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent



**RESPONSE REGARDING STATUTE OF LIMITATIONS**

**To the Honorable United States District Judge Sam A. Lindsay:**

Comes now, Paulino Gomez Betancourt, movant in the above

captioned matter, submits this response to the Court's order

dated November 8, 2024, timeliness of his motion under 28 U.S.C.

§ 2255. Mr. Betancourt respectfully contends that his motion

should not be barred by the one-year statute of limitations due

to extraordinary circumstances beyond his control, warranting

equitable tolling.

**I. TIMELINESS UNDER 28 U.S.C. § 2255(f)**

1

The one-year statute of limitations for filing a motion under §
2255 begins to run from the latest of the following four events:

The date on which the judgment of conviction becomes final;

The date on which a government-created impediment to filing is
removed;

The date on which a newly recognized right by the Supreme Court
is made retroactively applicable to cases on collateral review;
or

The date on which the facts supporting the claim could have been
discovered through due diligence.

In this case, the one-year period under § 2255(f)(1) began on
**December 12, 2022,** the deadline for filing a petition for writ
of certiorari with the Supreme Court following the Fifth
Circuit's denial of Mr. Betancourt's appeal on **September 12,
2022.**

Although Mr. Betancourt mailed his petition for writ of
certiorari on **December 9, 2022,** within the statutory deadline,
systemic delays in the FCI Big Spring mail system caused the
Supreme Court to receive it on **December 22, 2022,** ten days after
the deadline. These delays were beyond Mr. Betancourt's control.

Moreover, Mr. Betancourt demonstrated diligence throughout the
process. He sought assistance from the Federal Public Defender

(FPD) by writing to their office on **October 15, 2022,** but did not receive their response until **December 7, 2022,** just days before the filing deadline. Despite these challenges, Mr. Betancourt acted promptly and in good faith by mailing his petition before the deadline.

This procedural history demonstrates that Mr. Betancourt diligently pursued his legal rights within the statutory period. The delays that occurred were caused by extraordinary circumstances beyond his control, warranting equitable tolling under *Holland v. Florida, 560 U.S. 631 (2010)*.

Finally, Mr. Betancourt's assertion of actual innocence independently warrants equitable tolling and review of his motion. As established in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), claims of actual innocence serve as a gateway to review even when a motion may be time-barred. Mr. Betancourt maintains that his conviction was based on circumstantial evidence, with no direct proof linking him to the alleged offense. He has consistently asserted his innocence and sought to have his claims reviewed by higher courts. Preventing consideration of his § 2255 motion due to procedural delays would result in a miscarriage of justice.

For these reasons, Mr. Betancourt's § 2255 motion should not be barred by the statute of limitations.

3

## II. FACTUAL BACKGROUND

After the Fifth Circuit denied Mr. Betancourt's appeal on **September 12, 2022,** the Federal Public Defender (FPD) withdrew from his case. In a letter dated **September 13, 2022,** the FPD informed Mr. Betancourt of his right to file a petition for a writ of certiorari with the United States Supreme Court on or before **December 12, 2022,** and provided general guidance on the process. Mr. Betancourt did not receive this letter.

Due to his limited knowledge of the legal system and the appellate process, Mr. Betancourt mistakenly sent his petition for writ of certiorari to the United States Court of Appeals for the Fifth Circuit, which the court received on **October 27, 2022.** The Fifth Circuit responded by indicating that the petition should be directed to the Supreme Court. However, Mr. Betancourt did not receive that response.

On **October 15, 2022,** Mr. Betancourt wrote to the FPD requesting assistance in filing his writ. In a response dated **November 8, 2022,** the FPD acknowledged receipt of his letter but stated that he could not assist further because the office had already withdrawn from representation. The FPD attached a copy of its earlier letter of **September 12, 2022,** reiterating the **December 12** deadline for filing with the Supreme Court. Mr. Betancourt

received this response on **December 7, 2022,** leaving him only a few days to act.

Despite these challenges, Mr. Betancourt prepared and mailed his petition for writ of certiorari to the Supreme Court on **December 9, 2022,** three days before the deadline. Unfortunately, due to systemic delays in the FCI Big Spring mail system, the Supreme Court did not receive the petition until **December 22, 2022,** ten days after the deadline.

Mr. Betancourt's actions demonstrate due diligence in pursuing his legal remedies. He sought timely assistance, followed the FPD's instructions, and filed his petition in good faith within the statutory deadline. The procedural obstacles he encountered, including delayed correspondence and prison mail inefficiencies, were entirely beyond his control and warrant equitable tolling of the statute of limitations.

## III. EQUITABLE TOLLING IS WARRANTED

Under *Holland v. Florida,* 560 U.S. 631 (2010), equitable tolling applies when extraordinary circumstances prevent timely filing, and the movant demonstrates diligence in pursuing their rights.

**Extraordinary Circumstances:**

- The delay in receipt of Mr. Betancourt's petition was caused by inefficiencies in the FCI Big Spring mail system, a factor entirely outside his control.

- Mr. Betancourt, with limited formal education and no access to professional legal counsel at the time, relied in good faith on the guidance of the Federal Public Defender and the prison system to meet procedural requirements.

**Diligence:**

- Mr. Betancourt acted promptly, mailing his petition on **December 9, 2022,** within the statutory deadline.

- His efforts were driven by a desire to pursue further judicial review and present claims, including assertions of actual innocence, to higher courts.

- The delayed receipt of his petition unfairly deprived him of an opportunity to be heard on these substantial claims.

**IV. PRAYER FOR RELIEF**

WHEREFORE, Movant Paulino Gomez Betancourt respectfully requests that this Court:

1. **Grant Equitable Tolling:** Find that the extraordinary circumstances described above, coupled with Mr. Betancourt's diligence, justify tolling the one-year

6

statute of limitations under 28 U.S.C. § 2255(f) and *Holland v. Florida*, 560 U.S. 631 (2010).

2. **Vacate the Conviction and Sentence:** Review the merits of Mr. Betancourt's § 2255 motion, including his claims of ineffective assistance of counsel and actual innocence, and vacate his conviction and sentence to prevent a miscarriage of justice.

3. **Grant an Evidentiary Hearing:** Permit Mr. Betancourt to present evidence demonstrating the extraordinary circumstances that delayed the filing of his petition and to substantiate his claims of actual innocence and constitutional violations.

4. **Grant Such Other and Further Relief** as the Court deems just and proper.

Respectfully submitted,

Paulino Gomez B.

Paulino Gomez Betancourt

Inmate No. 69241-065

FCI Big Spring

 # Federal Public Defender

## Northern District of Texas

JASON D. HAWKINS
Federal Public Defender

JOHN NICHOLSON
First Assistant

ERIN BRENNAN
MARIA TORRES CHIN
NATALIE D. EBOLUM
JESSICA GRAF
LAURA HARPER
CATALINA HOTUNG
STEPHANIE INMAN
SHERYLYNN KIME-GOODWIN
MARTI R. MORGAN
DOUGLAS A. MORRIS
ADAM NICHOLSON
JOEL PAGE
JUAN RODRIGUEZ
M. GABRIELA VEGA
NOOR MUSA WADI
Assistant Federal Public Defenders

525 GRIFFIN STREET
SUITE 629
DALLAS, TEXAS 75202

PHONE (214) 767-2746
FAX (214) 767-2886

819 TAYLOR STREET
ROOM 9A10
FORT WORTH TX 76102-4612
817/978-2753

1205 TEXAS AVENUE
ROOM 506
LUBBOCK, TX 79401
806/472-7236

500 S. TAYLOR
SUITE 110
AMARILLO, TX 79101
806/324-2370

8 de noviembre de 2022

Paulino Gomez-Betancourt
Reg. No. 69241-065
FCI Big Spring
Federal Correctional Institution
1900 Simler Ave.
Big Springs, TX 79720

Sr. Gómez-Betancourt:

Recientemente recibí su carta de fecha 15 de octubre de 2022, en la que me pedía que presente una petición de certiorari por usted ante la Corte Suprema de los Estados Unidos. Sin embargo, me he retirado de la apelación en este caso por orden del Tribunal de Apelaciones del Quinto Circuito. Por lo tanto, ya no lo represento a usted en esta apelación.

En septiembre, le enviamos una carta en la que le explicamos sus derechos al seguir adelante y presentar una petición de certiorari y una moción bajo el 28 U.S.C. § 2255. Para su útil referencia, le adjunto hoy otra copia de esa carta. Como se indica en esa carta, usted todavía tiene derecho a tratar de realizar esas opciones; sin embargo, ni yo ni la oficina del Defensor Público Federal podremos ayudarle a hacerlo.

Saludos cordiales,

/s/ Adam Nicholson
ADAM NICHOLSON
Defensor Público Federal Auxiliar

TRANSLATED COPY

Paulino Gomez-Betancourt
Reg. No. 69241-065
FCI Big Spring
Federal Correctional Institution
1900 Simler Ave.
Big Springs, TX 79720

08 November 2022

Mr. Gomez-Betancourt:

I recently received your letter dated October 15, 2022, asking me to file a petition for certiorari for you with the United States Supreme Court. However, I have withdrawn from the appeal in this case by order of the Fifth Circuit Court of Appeals. Therefore, I no longer represent you in this appeal.

In September, we sent you a letter explaining your rights in moving forward and filing a petition for certiorari and a motion under 28 U.S.C, § 2255. For your reference, I am enclosing another copy of that letter today. As indicated in that letter, you still have the right to pursue those options; however, neither I nor the Federal Public Defender's office will be able to assist you in doing so. However, neither I nor the Federal Defender's office will be able to assist you in doing so.

Kind Regards,

Adam Nicholson

Federal Public Defender



## Federal Public Defender
### Northern District of Texas

**JASON D. HAWKINS**
Federal Public Defender

**JOHN NICHOLSON**
First Assistant

525 GRIFFIN STREET
SUITE 629
DALLAS, TX 75202
PHONE (214)767-2746
FAX (214)767-2886
http://txn.fd.org

ERIN BRENNAN
MARIA CHIN
STEPHEN GREEN
STEPHANIE INMAN
MICHAEL KAWI
SHERY KIME-GOODWIN
MARTI MORGAN
DOUG MORRIS
JOEL PAGE
JUAN RODRIGUEZ
COURTNEY STAMPER
RACHEL TAFT
MARIA GABRIELA VEGA
Assistant Federal Public Defender

13 de septiembre de 2022

Paulino Gomez-Betancourt
Reg. No. 69241-065
FCI Big Spring
1900 Simler Ave.
Big Spring, TX 79720

Re: USA v. Gomez-Betancourt, Case No. 21-11188

Estimado Sr. Gomez-Betancourt:

En el 12 de septiembre de 2022, la Corte de Apelaciones del Quinto Circuito de los Estados Unidos rechazó su apelación y concedió nuestra moción para retirarme del caso. He adjuntado una copia de la decisión de la Corte. Esto termina mi representación de usted en este caso.

Sin embargo, usted todavía tiene el derecho de solicitar una nueva revisión por la Corte Suprema mediante la presentación de una petición para un decreto judicial de avocación (Petition for Writ of Certiorari) sin prepago de honorarios y gastos, dando la seguridad, o la presentación de la declaración jurada de la incapacidad financiera designada por 28 USC § 1.915 (a). Dicha petición debe ser presentada no más tarde de noventa (90) días después de la emisión de la opinión en su caso, que en su caso sería que la petición se debe presentar no más tardar que el 12 de deciembre 2022.

Otra fecha importante para que usted considere si usted decide renunciar la presentación de una petición para un decreto judicial de avocación es que usted tiene un año a partir del 12 de deciembre 2022, para presentar una moción para cancelar,

*yo man de una carta para esta apelacion el dia 7 de diciembre del 2022 antes de el 12 como me Recomendaban aqui La man de Ala corte Suprema pero nunca me contestaron*

Page 1 of 2

 **Federal Public Defender**

## Northern District of Texas

JASON D. HAWKINS
**Federal Public Defender**

JOHN NICHOLSON
**First Assistant**

ERIN L. BRENNAN
MARIA TORRES CHIN
JESSICA GRAF
LAURA HARPER
CATALINA HOTUNG
STEPHANIE INMAN
SHERYLYNN KIME-GOODWIN
MARTI R. MORGAN
DOUGLAS A. MORRIS
ADAM NICHOLSON
JOEL FAGE
JUAN RODRIGUEZ
COURTNEY G. STAMPER
M. GABRIELA VEGA
NOOR MUSA WADI
**Assistant Federal Public Defenders**

525 GRIFFIN STREET
SUITE 629
DALLAS, TEXAS 75202

PHONE (214) 767-2746
FAX (214) 767-2886

21 de abril de 2022

819 TAYLOR STREET
ROOM 9A10
FORT WORTH TX 76102-4612
817/978-2753

1205 TEXAS AVENUE
ROOM 506
LUBBOCK, TX 79401
806/472-7236

500 S. TAYLOR
SUITE
AMARILLO, TX 79101
806/324-2370

Mr. Paulino Gomez Betancourt, No. 69241-065
FCI Big Spring
Federal Correctional Institution
1900 Simler Ave.
Big Spring, TX 79720

Sr. Betancourt:

Saludos.   Espero que esta carta lo encuentre seguro y saludable.

Recientemente le envié una carta y una copia del escrito *Anders* que presenté ante la corte de apelaciones para su caso.   Como sabe por esos documentos, le expliqué al tribunal que no creo que haya ningún tema no frívolo para apelar en su caso.   Por supuesto, si no está de acuerdo con mi conclusión, tiene derecho a responder directamente al tribunal y explicar por qué no está de acuerdo.   Todo lo que te escribí en mi última carta sigue vigente.

Sin embargo, quería escribirte por separado para responder a las cartas que me enviaste.

En su carta de enero, describió algunas preocupaciones y frustraciones que tiene con los abogados que te representaron durante su declaración de culpabilidad y los procesos de sentencia. Al considerar sus inquietudes en esa carta, llegué a la conclusión de que estas inquietudes se describen mejor como relacionadas con el problema legal de la "asistencia ineficaz de un abogado".

Verá que, en mi escrito *Anders*, le expliqué al tribunal del Quinto Circuito por qué no creía que el expediente mostraba algo que me permitiera presentar un reclamo de asistencia ineficaz de un abogado en la apelación.   Esto se debe a que una apelación solo puede involucrar cosas que están en el registro escrito de la apelación, y no encontré ninguna base para presentar ningún reclamo de asistencia ineficaz de un abogado a partir de ese registro.

Pero su carta plantea preocupaciones sobre cosas que no aparecieron en el expediente. Le escribo para asegurar de que le expliqué eso, aunque no pude plantear estas inquietudes en la apelación, aún tendrá la oportunidad de plantearlas después de que se complete el proceso de apelación mediante una presentación conforme a 28 U.S.C. § 2255. Una petición conforme a § 2255 le da al preso la oportunidad de abordar cuestiones que no se pudieron plantear durante la apelación, incluido asuntos de reclamos de asistencia ineficaz de un abogado que no están disponibles en el expediente de la apelación.

En otras palabras, leí y entendí su carta de enero antes de presentar el escrito *Anders*. Y aunque no creo que pueda abordar las inquietudes de su carta sobre el trabajo de los abogados litigantes en la apelación, aún tendrá la oportunidad de plantear esas inquietudes después de que se complete el proceso de apelación en una petición § 2255.

En su carta del 3 de abril, también me preguntó sobre mi opinión sobre las perspectivas de su apelación. Como se discutió anteriormente y se indica en mi escrito *Anders*, no creo que su apelación tenga mérito. Una vez más, el Quinto Circuito revisará mi escrito y la moción de retiro, así como cualquier respuesta que usted pueda presentar, y determinará si su apelación tiene mérito. Si el Quinto Circuito no está de acuerdo conmigo y cree que su apelación tiene mérito, denegarán mi moción de retiro y ordenarán una sesión informativa adicional.

Saludos,

Adam Nicholson
Defensor Público Federal Auxiliar

AN/agh

TRANSLATED COPY

Federal Public Defender
Northern District of Texas
525 GRIFFIN STREET
SUITE 629
DALLAS, TEXAS 75202
Mr. Paulino Gomez Betancourt, No. 69241-065
FCI Big Spring
Federal Correctional Institution
1900 Simler Ave.
Big Spring, TX 79720

                              21 April 2022

Mr. Betancourt:


Greetings, I hope this letter finds you safe and healthy.


     I recently sent you a letter and a copy of the Anders brief

I filed with the court of appeals for your case.

court of appeals for your case. As you know from those

documents, I explained to the court that I don't believe

that there is no non-frivolous issue to appeal in your case. Of

course, if you disagree with my conclusion, you are entitled to

appeal.

If you disagree with my conclusion, you are entitled to respond

directly to the court and explain why you disagree. Everything I

wrote to you in my last letter still stands.


However, I wanted to write to you separately to respond to the

letters you sent me.

In your January letter, you described some concerns and frustrations you have with the attorneys who represented you during your plea and sentencing proceedings. In considering your concerns in that letter, I came to the conclusion that these concerns are best described as related to the legal problem of "ineffective assistance of counsel".

You will see that, in my Anders brief, I explained to the Fifth Circuit court why I did not believe that the record showed anything that would allow me to raise a claim of ineffective assistance of counsel on appeal. This is because an appeal can only involve things that are in the written record of the appeal, and I found no basis to raise any claim of ineffective assistance of counsel from that record.

But your letter raises concerns about things that did not appear in the record. I am writing to make sure that I explain that to you, even though I was unable to raise these concerns on appeal by filing under 28 U.S.C. 2255. A 2255 petition gives the prisoner the opportunity to address issues that could not be raised during the appeal, including issues of ineffective assistance of counsel claims that are not available in the record on appeal.

In other words, I read and understood your January letter before filing the Anders brief. And while I do not believe you can address the concerns in your letter about the trial counsel's work on appeal, you will still have an opportunity to raise those concerns after the appellate process is completed in a 2255 petition.

In your April 3 letter, you also asked me about my opinion of the prospects for your appeal. As discussed above and indicated in my Anders brief, I do not believe that your appeal has merit. Again, the Fifth Circuit will review my brief and motion to withdraw, as well as any response you may file, and determine whether your appeal has merit. If the Fifth Circuit disagrees with me and believes that your appeal has merit, they will deny my motion to withdraw and order additional briefing.

Best Regards,

Adam Nicholson

Federal Public Defender

First Assistant

U.S. COURT OF APPEALS
RECEIVED
OCT 27 2022
FIFTH CIRCUIT

United States Court of Appeals
For the Fifth Circuit.

United States of America - Plaintiff - Appellee

Vrs.

Paulino Gomez - Betancourt - Defendant - Appellant

No. 21-11188
USDC No. 3:19-CR-371-1

Honorable Magistrate(s) for the United States
Court of Appeals for the fifth Circuit:

It is with all respect that I come before
this court with the purpose of presenting a
"Writ of Certiorari" petition, Considering and
requesting this court to review One more time
My case.

Based on the facts that my case a lot
of Inconsistences which hurt/damage the entire
process of My federal case.

For these reasons and Circumstances, I pray this Court to accept this petition; Please note that I am acting on My behalf as the "Defendant" of this case.

In addition, please accept the address where I am Currently Serving My Federal Sentence (FCI Big Spring - 1900 Simler Avenue - Big Spring, Texas 79720-0000) as my Notification Address.

Lastly, After your Honor has Review this case, I Request this petition to be Approved. I am writing this petition based on the principle of Universal Rights of law.

Respectfully,

Gomez Betoncourt Paulino
Federal # 69241-065

Case 3:24-cv-02804-L    Document 6    Filed 12/03/24    Page 18 of 29    PageID 40

Gomez Betancourt Paulino ID#69241-065
FCI Big Spring
1900 Simler Avenue
Big Spring, Tx. 79720 0000

Legal - Mail

UNITED STATES COURT OF APPEAL
FIFTH CIRCUIT OFFICE OF THE
CLERK, F. Edward Hebert Building
600S. Maestri place New, Orleans,
Louisiana 70130-3408



Writ of Cerriorari US Supreme Court
mailed DEC. 9, 2022

7:57 AM                                      USPS.com® - USPS Tracking®

Delivered

Delivered, Individual Picked Up at Postal Facility

WASHINGTON, DC 20543

December 22, 2022, 11:24 am

**See All Tracking History**

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

U.S. DISTRICT COURT
~~NORTHERN DISTRICT OF TEXAS~~ **FILED**

JUL 18 2019

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| JOSE MARIA-UVALLE (1) | ) | 3:19-MJ- |
| JEFER RODRIGUEZ-ROSALES (2) | ) | **3-19MJ634-BT** |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____May 16, 2019 - July 18, 2019_____ in the county of _____Dallas_____ in the

_____Northern_____ District of _____Texas_____, the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A) | Possession with intent to distribute and the distribution of 500 grams or more of a substance and mixture containing a detectable amount of methamphetamine, a Schedule II controlled substance. |

This criminal complaint is based on these facts:

See attached Affidavit of SA Joseph Peres.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joseph Peres, SA, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____July 18, 2019_____

_____
*Judge's signature*

City and state:   _____Dallas, Texas_____

REBECCA RUTHERFORD, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joseph Peres, after being duly sworn, depose and say as follows:

### I. Introduction

1.     My name is Joseph Peres, and I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered by law to conduct criminal investigations and to make arrests for federal felony offenses. I am a Special Agent with the Drug Enforcement Administration of the United States Department of Justice, and have been so employed since February 2010.    I am currently assigned to the Dallas Field Division Office.  In that capacity, I investigate violations of the Controlled Substances Act (Title 21, United States Code, Section 801, et seq.).  I have conducted complex investigations, and participated in numerous arrests and search warrants.  I have written affidavits in support of court authorized federal warrants and orders for search warrants, GPS tracking of telephones and vehicles, pen registers, and T-III wire intercepts.  I have conducted interviews of drug traffickers, which has provided me with a greater understanding of the methods by which drug trafficking organizations operate. I am familiar with common methods of investigating drug trafficking and manufacturing organizations, and have become familiar with the methods of operation, including, but not limited to their methods of importing, exporting, storing, concealing, and packaging drugs and drug proceeds; their methods of transferring and distributing drugs; their use of cellular telephones and telephone; their use of numerical codes, code words, and counter surveillance;

Affidavit - 1

and other methods of avoiding detection by law enforcement. Through my training and experience, I can identify illegal drugs by sight, odor, and texture.

## II. Background

2.     I have probable cause to believe that (1) **Jose Maria-Uvalle, aka Jose Maria-Uvalte, aka Juan Manuel Hernandez-Mendoza (hereinafter Maria-Uvalle), and (2) Jefer Rodriguez-Rosales (hereinafter Rodriguez-Rosales)** have violated 21 U.S.C. § 846, that is, conspiracy to possess with the intent to distribute controlled substances, specifically methamphetamine.

3.     My knowledge of the facts alleged in this affidavit arise from my personal participation and observations in this investigation, my interviews of informants, and my review of reports prepared by investigators of the DEA Dallas Field Division and other participating law enforcement officers. Since this affidavit is limited to establishing probable cause, I have not included every fact known to me and other investigators. Rather, I am only submitting the facts necessary to establish probable cause that co-conspirators discussed herein conspired to distribute and possess with the intent to distribute methamphetamine and/or heroin.

## III. Probable Cause

4.     In May 2019, DEA Dallas HIDTA III Agents began investigating a Dallas-area methamphetamine trafficking organization. On May 16, 2019, a DEA

**Affidavit - 2**

Confidential Source (CS1) communicated with **Maria-Uvalle** to arrange the controlled purchase of one kilogram of methamphetamine, at Agents' direction.

5.    On May 17, 2019, CS1 conducted recorded telephonic communications with **Maria-Uvalle** and **Rodriguez-Rosales**.

6.    Rodriguez-Uvalle was identified through this investigation as **Maria-Uvalle's** runner, to finalize the details of the controlled buy.

7.    A controlled buy was conducted between CS1 and **Maria-Uvalle** and **Rodriguez-Rosales** later that day.

8.    Following that controlled buy, Agents obtained court-authorized search warrants to obtain GPS data concerning **Maria-Uvalle's** and **Rodriguez-Rosales'** telephones used to facilitate the controlled buy.

9.    As a result, Agents identified **Maria-Uvalle's** primary residence as 1448 Celeste Drive, Dallas, Texas and **Rodriguez-Rosales'** primary residence as 9514 Olde Towne Row, Dallas, Texas.

10.    CS1 is assisting DEA for sentencing considerations regarding an outstanding indictment in the Northern District of Texas. Over the past 21 months, CS1's cooperation has led to the seizure of several kilograms of heroin, more than 100 kilograms of methamphetamine, several kilograms of heroin and cocaine, as well as U.S. Currency, and the indictment and arrest of more than 25 federal defendants. CS1 has been deemed reliable and credible.

**Affidavit - 3**

11.    On June 14, 2019, CS1 arranged for another controlled buy of one kilogram of methamphetamine from **Maria-Uvalle**. **Maria-Uvalle** directed CS1 to a parking lot at 1515 S. Buckner Boulevard, Dallas, Texas to conduct the transaction. At approximately 11:30 a.m., surveillance was established at 1448 Celeste Drive, Dallas, Texas and 1515 S. Buckner Boulevard, Dallas. GPS data for **Maria-Uvalle** indicated he was present at the Celeste Drive residence at that time. Agents had also observed **Rodriquez-Rosales** arrive at 1448 Celeste Drive, Dallas, Texas earlier in the day.

12.    Agents searched the CS1 and CS1's vehicle for drugs, money, weapons, or any other contraband and none were located. CS1 was provided $4,500 of Official Authorized Funds (OAF) in order to purchase the one kilogram of methamphetamine. Agents also equipped CS1 with audio recording/transmitting equipment. Agents then followed CS1 to the agreed upon meet location. Upon arrival, CS1 contacted **Maria-Uvalle**, to which he confirmed he would arrive in approximately ten minutes.

13.    At 12:26 p.m., surveillance at 1448 Celeste Drive observed **Rodriguez-Rosales** exit the residence carrying a plastic bag and depart in their Toyota Corolla (TX: 37705A8). Surveillance followed **Rodriguez-Rosales** to the O'Reilly Auto Part store, which was located across the street from 1515 S. Buckner Boulevard, at 1536 South Buckner Boulevard, Dallas, Texas. CS1 was subsequently contacted and directed to the O'Reilly Auto Part store to conduct the transaction. Agents maintained

**Affidavit - 4**

surveillance of CS1 and **Rodriguez-Rosales** and at 12:33 p.m., **Rodriguez-Rosales** parked next to CS1's vehicle. **Rodriguez-Rosales** got out of the Toyota Corolla and entered CS1's vehicle.

14.     At 12:34 p.m., **Rodriguez-Rosales** exited CS1's vehicle, returned to the Toyota Corolla, and departed the parking lot. Agents followed CS1 from the location and met CS1 at a predetermined, secure location.

15.     Once there, Agents took custody of a tan plastic grocery bag, weighing approximately 1,052 grams gross weight, containing suspected crystal methamphetamine. Agents field tested the substance, which tested positive for the presence of methamphetamine. CS1 and CS1's vehicle were searched for drugs, money, weapons, or any other contraband, none of which were located. CS1 stated **Rodriguez-Rosales** provided CS1 with the methamphetamine in exchange for the $4,500 OAF as arranged and negotiated with **Maria-Uvalle**.

16.     On June 12, 2019, United States District Judge David C. Godbey for the Northern District of Texas issued an order authorizing interception of wire and electronic communications over telephone 972-595-7506, used by **Maria-Uvalle**. As a result of the court-authorized intercepts, Agents verified **Maria-Uvalle** as a methamphetamine re-distributor and dispatcher, **Rodriguez-Rosales** as **Maria-Uvalle's** runner delivering and picking up contraband at his request, and identified co-conspirators involved in the distribution of narcotics and locations used in furtherance

**Affidavit - 5**

of their illicit activities. Agents identified a source of supply providing **Maria-Uvalle** and **Rodriguez-Rosales** methamphetamine. Agents further identified the residence at 2215 Volga Avenue, Dallas, Texas as a residence used by the sources of supply to process and store methamphetamine.

17.    On July 15, 2019, United States Magistrate Judge Rebecca Rutherford issued search warrants for 1448 Celeste Drive, Dallas, Texas, 9514 Olde Towne Row, Dallas, Texas, and 2215 Volga Avenue, Dallas, Texas. On July 16, 2019, Agents executed the search warrant at 2215 Volga Avenue, Dallas, Texas. Inside the residence, Agents located a clandestine methamphetamine recrystallization laboratory resulting in the seizure of over 100 kilograms of methamphetamine in various stages of the recrystallization process.

18.    On July 18, 2019, Agents executed the search warrants at 1448 Celeste Drive, Dallas, Texas and 9514 Olde Towne Row, Dallas, Texas. Inside 1448 Celeste Drive, Agents located and arrested **Maria-Uvalle** in the master bedroom. Also located and seized from the master bedroom were four assault rifles, rifle magazines, an undetermined amount of ammunition, and an undetermined amount of U.S. Currency. Elsewhere in the residence, Agents located a digital scale, packaging material containing methamphetamine residue, and several items typically used in a methamphetamine recrystallization laboratory.

**Affidavit - 6**

19.   At 9514 Olde Towne Row, Dallas, Texas, Agents located and arrested **Rodriguez-Rosales** in an upstairs bedroom.  Also located and seized in the bedroom was a pistol-grip shotgun.

20.   Agents were subsequently informed that **Maria-Uvalle** (Mexico citizen) and **Rodriguez-Rosales** (Honduras citizen) were illegal aliens with several prior deportations.

### IV. Conclusion

Based upon the information contained in this affidavit, I believe that there is probable cause to believe that **Jose Maria-Uvalle** and **Jefer Rodriguez-Rosales** have violated 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A), that is, possession with intent to distribute and the distribution of 500 grams or more of a substance and mixture containing a detectable amount of methamphetamine, a Schedule II controlled substance.

Joseph Peres
Special Agent
Drug Enforcement Administration

Sworn to before me on July 18, 2019.

REBECCA RUTHERFORD
United States Magistrate Judge
Northern District of Texas

Affidavit - 7

This envelope is for use with the following services:

UPS Next Day Air®
UPS Worldwide Express®
UPS 2nd Day Air®
**UPS Ground**
**UPS Standard**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

e for:





than 110 years

PS's privacy practices or to opt out from the sale of personal information, please see the UPS Privacy Notice at www.ups.com

0101951033 04/21   PAC   United Parcel Service

DEC 3 2024

GOMEZ BETANCOURT PAULINO
4324662300
FCI BIG SPRING
1900 SIMLER DRIVE
BIG SPRING  TX 79720

**1.0 LBS LTR**    **1 OF 1**

SHIP TO:
COURT CLERK
USDC NORTHERN DIST OF TEXAS DALLAS
ROOM 1452
1100 COMMERCE STREET
**DALLAS  TX  75242**



**TX 752 9-40**

**UPS 2ND DAY AIR**    **2**

TRACKING #: 1Z K41 15Y A6 0020 5830



BILLING: P/P
DIRECT DELIVERY ONLY
ADULT SIGNATURE REQUIRED-MIN 21

XOL 24.11.13    NV45 47.0A 11/2024*

documents on this side.