# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **PAULINO GOMEZ-BETANCOURT** § | | |
| **BOP NO. 69241-065** § | | |
| **Movant,** § | | |
| § | | |
| v. § | Civil Case No. 3:24-CV-2804-L | |
| § | Criminal Case No. 3:19-CR-371-L-1 | |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
| **Respondent.** § | | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion of Paulino Gomez-Betancourt ("Movant" or "Mr. Gomez-Betancourt") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("Motion" or "§ 2255 Motion") (CV Doc. 1).[1] The court, having considered the Motion, the response, record, and applicable law, **determines** that the Motion is untimely, and it is **denied**.

## I.   BACKGROUND

On August 7, 2019, Movant was named in a five-count indictment charging him in count one with conspiracy to possess with intent to distribute a controlled substance, and in count three with possession with intent to distribute a controlled substance. CR Doc. 1. Movant initially entered a not-guilty plea. CR Doc. 31. He later signed a plea agreement in which he agreed to plead guilty to the charge in the indictment's third count, and the Government agreed to dismiss the remaining charge and not bring any additional charges based on the conduct underlying or related to the plea. CR Doc. 95. The plea agreement reflected it was freely and voluntarily made and not the result of any force, threats, or promises. *Id*. Further, Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited

---

[1] All "CR Doc.__" citations refer to the related criminal case, *United States v. Paulino Gomez-Betancourt*, 3:24-CR-371-L, and all "CV Doc.__" citations refer to this § 2255 case.

circumstances, none of which are present in this case. *Id*. Mr. Gomez-Betancourt also signed a factual resume setting out the potential penalties he faced, the elements of the offense, and the stipulated facts establishing that he had committed the offense charged in count three of the indictment. CR Doc. 94. He was sentenced to a term of imprisonment for 240 months and a three-year term of supervised release. CR Doc. 143. Movant filed his notice of appeal, despite waving his right to do so. CR Doc. 95, ¶ 1; Doc. 147. The United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous on September 12, 2022. CR Doc. 189. Movant did not seek *certiorari* to the United States Supreme Court.

On November 6, 2024, Movant submitted his Motion pursuant to § 2255 for filing. CV Doc. 1. In his Motion, he raises four grounds, including voluntariness of the guilty plea and ineffective assistance of counsel. CV Doc. 1 at 7-8. The court ordered Movant to file a response explaining why his § 2255 Motion is not barred by the one-year statute of limitations or why the statute of limitations should be tolled on equitable grounds. CV Doc. 5. Movant filed his Response Regarding Statute of Limitations ("Response"). CV Doc. 6.

**II.    LIMITATIONS**

A one-year period of limitation applies to motions pursuant to § 2255. Pursuant to § 2255 the one-year period runs from the latest of:

> (A) the date on which the judgment of conviction becomes final;
>
> (B) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (C) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

### III.    ANALYSIS

The Motion is untimely and barred by the statute of limitations. In this matter, Movant's judgment became final on Sunday, December 11, 2022, and was extended to Monday, December 12, 2022—90 days after Movant's time for seeking certiorari ended. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that a conviction becomes final when the time for filing a certiorari petition expires); Fed. R. Civ. P. 6(a). Movant had one year from that date to file his § 2255 Motion, but he did not do so. Thus, the one-year period provided by § 2255(f)(1) expired on December 12, 2023, and his § 2255 Motion filed on November 6, 2024—considered filed at the earliest on October 26, 2024, under the mailbox rule—is time-barred absent equitable tolling.[2]

Movant does not meet his burden of showing that equitable tolling applies. Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The movant bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the movant must

---

[2] The § 2255 Motion is deemed filed at the earliest on October 26, 2024, the date on which Movant signed it and likely also handed it to prison officials for mailing. CV Doc. 1 at 10; *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings (applying the "mailbox rule" to inmates who use the jail/prison's mail system).

Memorandum Opinion and Order – Page 3

show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

Whether a movant is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). The failure to satisfy the statute of limitations must result from factors beyond a movant's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the movant is actively misled by the Government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with the legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012).

In his Response, Movant claims that he "demonstrate[d] due diligence in pursuing his legal remedies," and "equitable tolling is warranted." CV Doc. 6 at 5, 6. He first states that he "mailed his petition for writ of certiorari on December 9, 2022, within the statutory deadline," but because of "systemic delays in the FCI Big Spring mail system [] the Supreme Court [] receive[ed] it on December 22, 2022," after the time period to seek *certiorari* expired. CV Doc. 6 at 2 (emphasis omitted). He also asserts that he did not timely receive notification from his

counsel that the writ of certiorari should be filed with the Supreme Court. CV Doc. 2 at 3. Regardless, Movant was not diligent in pursuing his habeas rights during the one-year period—he even concedes he knew the Supreme Court received his writ of certiorari on December 22, 2022, and that it was untimely. CV Doc. 6 at 5. Movant then waited nearly two years to mail his § 2255 Motion and fails to plead any justifiable reason for his delay. Notably, during that two-year gap, he filed a motion to appoint counsel to assist him in filing an Amendment 821 motion to reduce his sentence. CR Doc. 225. In his Response, Movant also asserts that his "actual innocence independently warrants equitable tolling." CV Doc. 6 at 3 (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). He asserts "that his conviction was based on circumstantial evidence, with no direct proof linking him to the alleged offense." CV Doc. 6 at 3.

The Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin*, 569 U.S. at 386. To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386-87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Movant has not pleaded facts sufficient to meet *McQuiggin*'s standard and to overcome the statute of limitations. Simply stated, he presents no newly discovered evidence that would undermine this court's confidence regarding the finding of guilt. His conclusory assertion that he is innocent does not even come close to satisfying the rigorous standard in *Schlup*.

Accordingly, Movant does not meet his burden of establishing that equitable tolling and the actual innocence exception apply. Thus, his § 2255 Motion is **dismissed** as untimely.

## IV.     CONCLUSION

For the reasons discussed, Movant's Motion is **denied** as barred by the one-year statute of limitations, and this action is **dismissed with prejudice**.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the **court accepts and incorporates** by reference this Memorandum Opinion and Order. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). For the reasons stated herein, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of entry of Judgment.

**It is so ordered** this 30th day of January, 2025.

Sam A. Lindsay
United States District Judge